IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NUE CHEER FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11CV683-WKW |
| | ) | |
| RICHARD C. DEAN, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Nue Cheer Franklin, proceeding *pro se*, asserts claims against defendant Richard C. Dean, Esq. After the court granted plaintiff's motion to proceed *in forma pauperis* in this action, the Clerk attempted service by certified mail at the address plaintiff provided for the defendant. Nolan Jackson signed for the certified mail. (See Complaint, p. 9 and Doc. ## 10-13). Dean did not, thereafter, appear in this action. On January 9, 2012 – because service by certified mail at Dean's place of business[1] is insufficient to support the court's assertion of personal jurisdiction over Dean – the court ordered that the United States Marshal serve Dean with the summons and complaint. (Doc. ##17, 18).[2]

This matter is presently before the court on plaintiff's motion for default judgment, filed after the close of business on the same day as the court's order directing the United States Marshal to serve the defendant. Because the record does not demonstrate effective

---

[1] The court confirmed, by reference to the Alabama Legal Directory, that the address plaintiff provided is the defendant's business address.

[2] See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3) and 4(e); and Ala. R. Civ. P. 4(c)(1).

service on Dean, he is not in default.

Upon consideration of plaintiff's application and motion for default judgment (Doc. # 19), it is the RECOMMENDATION of the Magistrate Judge that the motion be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before January 25, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 11th day of January, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE