IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUE CHEER FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11CV683-WKW |
| ) | |
| RICHARD C. DEAN, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Nue Cheer Franklin, proceeding *pro se*, asserts various claims against defendant Richard C. Dean in this matter. This cause is presently before the court on the motion to dismiss filed by defendant Dean on February 10, 2012 (Doc. # 24). Upon consideration of the motion, the court concludes that it is due to be denied.

Defendant Dean, an attorney admitted to the bar of this court, contends that "[t]his case should be dismissed under the legal princip[les] of Res judicata and/or Collateral Estoppel, based on the fact that the Plaintiff has prosecuted this exact same case/claim in the District Court and Circuit Court of Montgomery County, Alabama and lost her case each time." (Doc. # 24, ¶ 1). In his motion, Dean sets forth the procedural history of the case of Alabama State Employees Credit Union v. Nue C. Franklin, Case No. SM 2008-761, noting that plaintiff lost that case in the District Court and on appeal to the Circuit Court and, further, that "the case is currently 'submitted on brief' before the Alabama Court of Civil Appeals." Id. Plaintiff responds that she asserted no claims against Dean in the state court

action.  (See Plaintiff's response, Doc. # 29).

To prevail on his *res judicata* defense, Dean must establish, *inter alia*, "substantial identity of the parties[.]"  Bradberry v. Carrier Corp., __ So.3d __, 2011 WL 6273422, *9 (Ala. Dec. 16, 2011)(citations omitted).[1]  Plaintiff alleges that Dean served as counsel for the credit union in the state court litigation giving rise to her claims.  (See Complaint).  On the present motion, Dean has neither argued or established that, for purposes of the *res judicata* analysis, he is either "identical" to the credit union or in privity with it.  See Bradberry, *supra*.  Thus, Dean has not satisfied his burden on the motion to dismiss of establishing his affirmative defense of *res judicata*.[2]

As to his defense of collateral estoppel, defendant bears the burden of establishing that the requirements of issue preclusion are satisfied. See Matter of McWhorter, 887 F.2d 1564, 1566 (11th Cir. 1989)("The party seeking to invoke collateral estoppel bears the burden of proving that the necessary elements have been satisfied.")(citation omitted).  Despite his use of the term "collateral estoppel," defendant specifically argues only that he is entitled to claim preclusion (that is, *res judicata*) – contending only that plaintiff has previously prosecuted the same "case/claim" –  not issue preclusion (collateral estoppel).

---

[1] "In considering whether to give preclusive effect to state-court judgments under *res judicata* or collateral estoppel, the federal court must apply the rendering state's law of preclusion." Community State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011)(citations omitted).

[2] Dean asserts this defense by way of a motion to dismiss (Doc. # 24).  Thus, he cannot prevail unless his affirmative defense is evidenced by the pleadings.  See Baloco *ex rel.* Tapia v. Drummond Co., Inc., 640 F.3d 1338, 1350-51 (11th Cir. 2011).

Even if defendant intended to assert collateral estoppel as a bar, he has failed to identify the particular issue as to which he seeks to assert the defense and, accordingly, has not satisfied his burden of establishing his affirmative defense on the present motion.

Dean further argues that he is entitled to dismissal pursuant to Fed. R. Civ. P. 4(m) because he was not served with the summons and complaint within 120 days after the complaint was filed. (Doc. # 24, ¶ 2). Rule 4(m) provides, in part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As defendant argues, the Complaint was filed on August 23, 2011, and he was not served until January 20, 2011. Thus, defendant was served by summons thirty days beyond the time specified in Rule 4(m). However, plaintiff filed her complaint with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The court deferred ruling on the motion while it obtained and reviewed the state court record. When it granted the motion, the court – not the plaintiff – became obligated to effect service on the defendant. See Richardson v. Johnson, 598 F.3d 734, 738-39 (11th Cir. 2010). The delay in service by the court, which occurred through no fault of the plaintiff, constitutes "good cause" for extending the 120-day time limit of Rule 4(m).[3] Id. (citing Rance v. Rocksolid Granit USA,

---

[3] Within 90 days of commencement of this action, the court attempted service by certified mail at defendant's law office. The return receipt indicates that the certified mail was received there by "Nolan Jackson." (Doc. # 11, 13). The court anticipated that, even though he was not served at his residence, Dean – as an officer of this court – would respond to the complaint and summons

Inc., 583 F.3d 1284 (11th Cir. 2009)).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss (Doc. # 24) be DENIED, because (1) Dean has failed to establish that he is entitled to dismissal of the complaint at this juncture on the basis of his affirmative defenses of claim or issue preclusion, and (2) the record establishes good cause for the failure to serve Dean within the 120 days specified in Rule 4(m).

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before April 27, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 13th day of April, 2012.

---

served at his business address. He did not. The court, thereafter, directed the United States Marshal to serve the summons and complaint on defendant. After several unsuccessful attempts, a deputy U.S. Marshal served defendant personally with the summons and complaint. (Doc. ## 17, 21).

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE