# IN THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

Nue Cheer Franklin
Plaintiff,

Vs.

Richard C. Dean, esq.,
Defendant.

Case #: 2:11-CV-00683- WKW

## MOTION TO DENY DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL

**COMES NOW**, the plaintiff in the above styled action and moves the court to deny the defendant's Motion to Strike Jury Demand, filed by the plaintiff, and shows the court:

1. The defendant, (Dean), alleges that the last pleading in this action was "the answer filed by the defendant" on February 10, 2012 to the plaintiff's complaint. (See: Doc.# 24 ¶1, Dean's September 17, 2012 Motion).

2. Wrong as usual, Dean concludes that plaintiff's (Franklin) deadline for filing her demand for jury trial was February 24, 2012. It was not.

3. Dean is remiss to realize that his responsive *pleading* contained a counter-claim which required a response from the plaintiff. (See: Doc.# 25 Dean's Answer).

4. Plaintiff filed a responsive *pleading* to said counter-claim on or about February 27, 2012. (See: Doc.# 29 ). That alone shows that Dean's calculation of the deadline as February 24, 2012, for jury trial demand is incorrect because that date is even *before* plaintiff filed her responsive *pleading* to his counter-claim. (Id.).

5. But, let's not stop there. Dean filed a dispositive motion, titled "*Motion* for Summary Judgment" directed toward the averments of plaintiff's complaint to which the plaintiff filed a *response* on August 22, 2012. (See: Docs.# 48 & # 55 ).

1

6. Dean's limited legal practice in the unchallenging, simplistic field of debt collection which requires him to do little more than fill out forms with personal information and collect default judgments, has diminished his already anemic legal aptitude whereby he is unaware that, *"Pleadings include any application, complaint, petition, protest, notice of protest, **answer[or reply], motion**, and any amendment or withdrawal of a pleading."* (18 CFR 385.202).

7. Accordingly, Dean's *Motion* for Summary Judgment is considered a *"pleading"*.(Id.).

8. To demand a jury trial, Rule 38(b), in pertinent part provides:

   *"On any issue triable of right by a jury, a party may demand a jury trial by:*
   *(1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and*
   *(2) filing the demand in accordance with Rule 5(d)."* (FRCP 38(b)).

9. The *last pleading* directed to the issues was Dean's *reply* brief filed and served on September 4, 2012 in answer to plaintiff's response, which caused the final deadline for jury trial demand to be 14 days from that date, which would be September 18, 2012. (FRCP 38(b); (See also: Doc.#59).

10. Plaintiff filed a jury trial demand on September 11, 2012, eleven days after Dean filed his last reply directed to the issues. (See: Docs.# 62 & #59).

11. "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...."(U.S. Const.7[th] Amend.); "When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action." (FRCP 39(a)).

**Wherefore,** premises considered, plaintiff moves the court to deny Dean's Motion to Strike Jury Demand, and grant plaintiff's motion for Jury Trial Demand, as a matter of law.

Dated this 19th day of September 2012.

Respectfully submitted,

/s/Nue Cheer Franklin, Pro Se
Plaintiff
P.O. Box 231232
Montgomery, AL 36123
Ncfranklin3@netzero.net


**Certificate of Service:** I hereby certify that a true and correct copy of the foregoing was delivered via U.S. mail, or email at rdean@mindspring.com and or to defendant's address of record, 415 S. McDonough Street; Montgomery AL, 36104, this 19th day of September 2012.

/s/ Nue Cheer Franklin, pro se plaintiff