IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NUE CHEER FRANKLIN,                     )
                                        )
              Plaintiff,                )
                                        )
       v.                               )        CIVIL ACTION NO. 2:11CV683-WKW
                                        )
RICHARD C. DEAN,                        )
                                        )
              Defendant.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Nue Cheer Franklin, proceeding *pro se*, asserts several Fair Debt Collection

Practices Act claims and a claim of "forgery" against defendant Richard C. Dean, Esq., all

arising from Dean's conduct in connection with prosecuting a garnishment against the

plaintiff on behalf of his client, the Alabama State Employees Credit Union ("ASECU").

This action is presently before the court on the motion for summary judgment filed by

defendant.  Upon consideration of the motion and plaintiff's response,[1] the court concludes

---

[1] Plaintiff's response is styled as "PLAINTIFF'S <u>MOTION FOR SUMMARY JUDGMENT</u> <u>In Response to Defendant's Motion for Summary Judgment</u>." (Doc. # 55)(underlining and capitalization in original).  Plaintiff "moves the court to grant summary judgment in favor of the plaintiff on all counts in her complaint, and deny defendant's motion for summary judgment." (<u>Id.</u>, p. 1).  However, she filed this document with a motion for leave to file out of time. (Doc. # 53).  The court denied the motion to the extent that plaintiff sought to file a late motion for summary judgment, as her motion was filed more than three weeks after the dispositive motion deadline and did not demonstrate good cause for modification of the scheduling order.  However, the court did construe the motion as plaintiff's response to defendant's pending motion and allowed plaintiff leave to file that response one hour late. (Doc. # 54).  Plaintiff has argued various motions to strike within the body of her brief.  (Doc. # 56, pp. 11-14).  The court will not treat these as motions to strike but, instead, considers them as evidentiary objections; the court does likewise as to the separate motions to strike filed by each party asserting evidentiary deficiencies.  To the extent that plaintiff objects to the entire affidavits of Dean and Duncan, her objection is without merit.  The court addresses the

that the motion is due to be granted in part and denied in part. The court further concludes that Franklin's motion to dismiss Dean's counterclaim is due to be granted, and her motion for sanctions should be denied.

## Summary Judgment Standard

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact. Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993). For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."

parties' specific objections only to the extent necessary to resolve the present motion; to the extent that a specific objection is not discussed, it is overruled as moot.

Anderson, 477 U.S. at 255.  Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

> Where the moving party will bear the burden of proof at trial,
>
> that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993)(quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)(*en banc*)).

### Plaintiff's Claims

Plaintiff alleges that Dean, pursuant to a writ of garnishment issued by the Montgomery County District Court, caused money from plaintiff's bank account to be seized and held by the court without serving plaintiff with process notifying her of the garnishment. She further alleges that Dean was not able to claim the money held by the court because he had not served plaintiff previously as required by law and, therefore, that Dean faxed an "Acknowledgment of Acceptance of Garnishment" to plaintiff for her signature. The body of the acknowledgment reads as follows:

> COMES NOW the Defendant in the above case and notifies this Court that he/she has voluntarily accepted a copy of the Garnishment(s) from the Plaintiff's attorney and is filing this document with the Court to indicate that the undersigned has in fact been served with a copy of the Garnshipment(s) in

3

the above case (copies attached).

(Complaint, ¶¶ 1-11).  Plaintiff alleges that an employee from Dean's office called plaintiff and told her that Dean had instructed the employee to have plaintiff "'just sign the fax and send it back, because we already have the money; we just need your signature acknowledging that we have it.'"  (Id., ¶ 10).

Plaintiff filed a motion for a hearing before the district court.  Plaintiff alleges that at the hearing Dean: (1) presented to the court a copy of the writ of garnishment in which he had inserted plaintiff's name in the "process server's area falsely indicating that plaintiff had been properly served the WOG [Writ of Garnishment]" and (2) "held up a copy of the WOG in open court, ... told the judge that he would personally serve plaintiff at that very moment, and *handed* plaintiff a copy of the WOG[.]"  (Id., ¶¶ 13-15)(emphasis in original).  On the same day, Dean allegedly filed a copy of "the forged, misleading document with the Clerk of the Montgomery County District Court indicating he had served notice on plaintiff when he actually had not." (Id., ¶ 16). Plaintiff further maintains that, after Dean collected the garnished funds from the court, he sent plaintiff a letter advising her that "the garnished funds had covered nearly all of the alleged debt ex[ce]pt a 'very small' portion still remained but he was closing the books on the alleged debt and would not attempt to collect the 'very small' portion of th[e] alleged debt still allegedly owed.  Yet, contradicting, the following paragraphs indicated that the 'very small' portion would continue to accrue interest and plaintiff would be liable for paying the 'very small' portion plus interest."  (Id., ¶ 19).

4

Plaintiff claims violations of 15 U.S.C. §§ 1692d, 1692e, and 1692g in seven separate counts arising from Dean's transmission of the acknowledgment form to the plaintiff on August 23, 2010. She contends that Dean's conduct in sending her the acknowledgment form violated the FDCPA because: (1) the acknowledgment form indicated that plaintiff had "in fact been served," and had "voluntarily accepted a copy of the Garnishment(s) from the Plaintiff's attorney and is filing this document with the Court," but these statements were false; (2) Dean represented "that he had already collected plaintiff's funds" when, in fact, the funds actually were being held by the court; (3) the faxed communication did not include a statement that it was from a debt collector and was an attempt to collect a debt, nor did it include a disclosure of plaintiff's right to dispute the debt and require its validation; and (4) Dean sent the fax "to harass, oppress, and abuse the plaintiff into signing away her rights" and threatened to take action that Dean could not lawfully take, since he did not have a signed acknowledgment or receipt of the writ of garnishment from the plaintiff. (Counts 1, 3-6, 9-10).

Two of the remaining FDCPA claims and the "forgery" claim arise from Dean's conduct in writing plaintiff's name into the proof of service portion of the writ of garnishment above the signature of the process server; plaintiff alleges that Dean did so "to have it appear as though the WG was properly served on plaintiff by a process server, in accordance with the law, but it was not. Instead, it was Dean, who inserted plaintiff's name, and personally 'presented' the WG to the plaintiff in open court on the day of the hearing."

(Counts 2, 7, 8).  The final count of plaintiff's complaint arises from a letter Dean sent to plaintiff after conclusion of the garnishment proceeding in the Montgomery County District Court. Plaintiff alleges that Dean's letter violated the FDCPA because it included conflicting information – *i.e.*, that Dean was considering the debt paid in full but, also, that the small portion remaining owing after the garnishment would continue to accrue interest and "would still *have to be paid*" by the plaintiff.  (Count 12)(emphasis in original).[2]

### Dean's Contentions[3]

Dean seeks summary judgment on all of plaintiff's claims. As to Count 5 – plaintiff's claim that Dean failed to follow-up his initial contact with the plaintiff with a debt validation letter – Dean asserts only that the claim is barred by the statute of limitations. (Doc. # 49, p. 6).  He argues that plaintiff's remaining claims fail because plaintiff cannot establish that Dean's conduct gives rise to liability.  (Id., pp. 3-9). On Count 7 – plaintiff's claim of "Forgery" – Dean further argues that plaintiff lacks standing to prosecute a claim arising under criminal law.  (Id., p. 7).  Dean also contends that plaintiff is barred from relitigating some of her claims or some of the issues relevant to her claims by the doctrines of *res judicata* or collateral estoppel, based on rulings in the underlying state court proceedings

---

[2]  The complaint includes no "Count 11." (See Complaint, p. 8).

[3]  Plaintiff objects to Dean's motion and brief, arguing that the court should strike them for Dean's failure to comply with this court's Local Rule 5.5.  (Doc. # 56, pp. 11-12).  Local Rule 5.5 pertains to emergency filing of hard-copy documents outside of regular business hours; it does not apply to documents filed electronically.  Plaintiff's objection is without merit. To the extent that plaintiff intended to cite Local Rule 5.6 (requiring that documents be double-spaced and include page numbers), the court exercises its discretion to accept Dean's motion and brief.

between the ASECU and plaintiff.  (Id., pp. 1-2).

Dean's assertion of preclusion is without merit.  As the court explained previously in recommending that Dean's motion to dismiss be denied, issue and claim preclusion are affirmative defenses.  (See Doc. # 31).  Dean bears the burden of proving them on the present motion.  However, in his brief, Dean fails even to identify the particular issues or claims that he contends are precluded from relitigation, to explain which elements of which claims are subject to preclusion, or to explain how – as to each of these unidentified issues, elements and claims – the requirements for either issue or claim preclusion are satisfied under Alabama law.[4]  Dean has, therefore, failed to satisfy his Rule 56 burden of establishing his entitlement to summary judgment on the basis of issue or claim preclusion.[5]

_____

[4]  Dean points out that plaintiff lost in the case brought by the credit union against her at all levels and that this court's record includes the record of the state court proceedings.  (Doc. # 49, pp. 1-2).  He then argues, "Therefore, to the extent that Franklin raises issues which were previously raised in the Montgomery County District Court, Circuit Court, or appellate court in the underlying case, those issues would be considered res judicata and will not be addressed by Dean in this brief.  (Id., p. 2).

[5]  Dean presents further legal argument regarding preclusion – only slightly more specific than that in his brief – within his affidavit.  (See Dean aff., ¶ 10).  Plaintiff objects to this affidavit testimony, to the extent it expresses legal conclusions and argument. (Doc. # 56, pp. 15-16, subparagraph (e)).  Dean's arguments by affidavit are not evidence that the court may consider in resolving the present motion.  See e.g., Moorman v. UnumProvident Corp., 464 F.3d 1260, 1267 n. 1 (11th Cir. 2006)(district court properly disregarded affiant's "legal conclusions about whether ERISA applied"); Lloyd v. Housing Authority of the City of Montgomery, 857 F.Supp.2d 1252, 1262 (M.D. Ala. 2012)(striking portions of summary judgment affidavit stating legal conclusions); Swipe for Life, LLC v. XM Labs, LCC, 2012 WL 1289726, *3 n. 1 (S.D. Fla. Apr. 16, 2012)("Any portions of the Ramos Affidavit constituting legal conclusions have been disregarded by the Court[.]").  Additionally, the court declines to treat those arguments as though Dean had presented them in his brief.  However, the court notes that plaintiff asserts all but one of her claims against Dean pursuant to the FDCPA.  The sole basis stated by the state circuit court for ruling against plaintiff on her FDCPA claims – i.e., that the state court "[p]laintiff [the ASECU] is not a debt

Dean's contention that Count 5 is barred by the one-year statute of limitations established by 15 U.S.C. § 1692k(d) for FDCPA claims is also without merit. In Count 5, plaintiff alleges that "Dean's first written communication with the plaintiff was the faxed 'Acknowledgement' [sic] form" and that Dean did not, within five days thereafter, provide her with a disclosure of her rights as to validation of the debt, as required by 15 U.S.C. § 1692g(a). (Complaint, pp. 5-6). This statutory provision requires that a debt collector send a written notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt[.]" 15 U.S.C. § 1692g(a). However, Dean contends that the "initial communication" triggering the duty to provide the written notice took place on May 17, 2010 – when one of his employees first contacted plaintiff by telephone – and that the failure to provide written notice (if it occurred) ripened into a claim no later than May 22, 2010. (Doc. # 49, p. 6)(citing Ponce v. BCA Financial Services, Inc., 467 Fed. Appx. 806 (11th Cir. 2012)(unpublished opinion) and Maloy v. Phillips, 64 F.3d 607 (11th Cir. 1995)). Plaintiff filed the present complaint on August 23, 2011 (Doc. # 1), more than one year thereafter.

As evidence supporting his choice of dates for the initial communication, Dean points to his own affidavit, which states that Exhibit 17 is a page of AT & T records for one of the

---

collector for purposes of the FDCPA" – does not extend to Dean. (See Exhibit 14 to Franklin depo.). Additionally, Dean's collateral estoppel argument fails, to the extent that it rests on the underlying default judgment. See Malfatti v. Bank of America, N.A., 99 So.3d 1221, 1225 (Ala. 2012)("[A]labama law does not afford collateral-estoppel/issue-preclusive effect to default judgments because a default judgment, by its very nature, cannot satisfy the requirement that the issue has been 'actually litigated' in a prior action.").

phone lines in his office; the attached exhibit, according to Dean, shows a call from "3342647936" (one of Dean's office telephone lines) to "3342791881" (plaintiff's telephone number at the time) on May 17, 2010 at 1:18 p.m., with a duration of six minutes and eleven seconds. (Dean aff., ¶ 5 and Exhibit 17).[6]  In addition, Dean's employee, Melissa Duncan, testifies by affidavit that she called plaintiff at (334) 279-1881 on May 17, 2010, and spoke with plaintiff regarding the debt. (Duncan aff., ¶¶ 3, 6). However, plaintiff denies Dean's account, testifying by affidavit that she "had no verbal contact with anyone from Dean's office; not on May 17, 2010 or any other date prior to August 23, 2010." (Franklin aff., ¶ 8). For purposes of Dean's motion for summary judgment he court must accept plaintiff's testimony as true, and it is sufficient to demonstrate the existence of a genuine issue of material fact regarding the date of "initial communication" and whether Dean's obligation to send her the written notice ripened into a claim within the year preceding the filing date of this action.[7]  Dean raises no other grounds for summary judgment on this claim; thus, his motion is due to be denied as to Count 5.

Accordingly, the court turns to Dean's arguments that he is entitled to summary judgment on plaintiff's remaining claims because the undisputed evidence demonstrates that

---

[6]  The exhibit consists of a single page list bearing no headings – it is not evident from the face of the exhibit which of the listed numbers placed the call.  (See Exhibit 17).  Plaintiff objects to this exhibit for lack of authentication and also has moved to strike Dean's supplemental affidavit addressing this issue.  The court does not reach plaintiff's evidentiary objection because, even assuming the exhibit is properly before the court, Dean's statute of limitations argument fails.

[7]  Dean may, of course, attempt to prove his statute of limitations defense at trial.

his conduct does not give rise to liability.

<u>Counts 1, 3, 4 & 6</u>

Counts 1, 3, 4, & 6 all arise from Dean's facsimile transmission to plaintiff on August 23, 2010, and allege a violation of 15 U.S.C. § 1692e.  In Count 1, plaintiff alleges that, "[i]n an attempt to collect the alleged debt, Dean sent plaintiff a fax falsely indicating that she had 'in fact been served' when later he admitted the plaintiff had not been served."  (Complaint, p. 4).  In Count 3, plaintiff alleges that "Dean's first written communication with the plaintiff was the faxed, "<u>ACKNOWLEDGEMENT [sic] OF ACCEPTANCE OF GARNISHMENT(S)</u>' form which contained deceptive which . The form did <u>*not*</u> therein indicate that the communication was from a debt collector and was an attempt to collect a debt." (<u>Id</u>., p. 5)(incomplete sentence and emphases in original).  In Count 4, plaintiff alleges that the acknowledgment form was "deceptive and false in that it stated that plaintiff had : '*voluntarily accepted a copy of the Garnishment(s) from the Plaintiff's attorney and is filing this document with the Court ...*'" but that plaintiff had not voluntarily accepted a copy of the garnishment and had no intention of filing it with the court.  (<u>Id</u>.).  In Count  6, plaintiff alleges that "Dean sent a fax to the plaintiff to harass, oppress, and abuse the plaintiff into signing away her rights since he knew plaintiff had no knowledge of the garnishment of her money."  (<u>Id</u>., p. 6).

It is undisputed that Dean's facsimile transmission to the plaintiff consisted of three pages: the one-page acknowledgment form and the process of garnishment with an

10

instruction sheet.  (Franklin depo., pp. 78-80, 140 and Exhibits 4, 6, 9; <u>see also</u> Franklin aff.,

¶¶ 18-21 and Attachment 1 to aff. (pp. 2-3 of facsimile transmission)).  The acknowledgment

form bears a case style for the ASECU action against plaintiff in the Montgomery County

District Court and the following text:

<u>ACKNOWLEDGMENT OF ACCEPTANCE OF GARNISHMENT(S)</u>

> COMES NOW the Defendant in the above case and notifies this Court that he/she has voluntarily accepted a copy of the Garnishment(s) from the Plaintiff's attorney and is filing this document with the Court to indicate that the undersigned has in fact been served with a copy of the Garnishment(s) in the above case (copies attached).

> Signed and dated August 23, 2010.

> _____
> Nue C. Franklin
> Defendant

(Franklin depo., pp. 24, 78-80; Defendant's Exhibit 6 to Franklin depo.; <u>see also</u> Complaint,

¶ 11).[8]  The process of garnishment indicates that the garnishment was for a total amount of

$239.95; it bears an issuance date of May 21, 2010, and the signature of the state court clerk.

It also includes a sentence at the very bottom of the document, underlined and centered on

the page, stating: "<u>This communication is from a debt collector and is an attempt to collect</u>

<u>a debt.  Any information gained pursuant to this communication will be used for the purpose</u>

<u>of collecting the debt which forms the basis of this communication.</u>"  (Defendant's Exhibit

4 to Franklin depo. (emphasis in original); Franklin depo., pp. 22-23, 76-82; Doc. # 57-1 at

---

[8]  The form plaintiff brought to her deposition also bore a fax legend indicating, "Aug 23 2010 1:45PM HP LASERJET FAX p. 1[.]"  (<u>Id</u>.).

p. 2, Attachment 1 to Franklin aff. (bearing fax header indicating "p.2")). The third page included in the facsimile was the reverse of "Form C-21" and bears the heading, "PROCESS OF GARNISHMENT[.]" It includes four sections delineated by separate text boxes; the third section is the "NOTICE TO DEFENDANT OF RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT." (Defendant's Exhibit 9 to Franklin depo.; Franklin depo., pp.28-29, 80-82)(capitalization in original); Doc. # 57-1 at p. 3, Attachment 1 to Franklin aff. (bearing fax header indicating "p.3")). The latter notice explains the process for filing a claim of exemption with the Clerk and states that, if the plaintiff contests the claim of exemption, the court will schedule a hearing on the matter. (Doc. # 57-1 at p. 3).

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It requires, *inter alia*, that a debt collector disclose in his initial communication with the consumer "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Id., § 1692e(11). In Count 3, plaintiff asserts liability based on Dean's failure to include – within the acknowledgment form – language indicating that the communication was from a debt collector. Dean contends that he is entitled to summary judgment on this claim because the faxed communication consisted of three pages and included the statutorily required language on the garnishment process.[9]

---

[9]   Dean further asserts that Duncan verbally gave Franklin the debt collector disclaimer required by the statute when she called Franklin before sending the documents by facsimile. Duncan testifies that she did so (Duncan aff., ¶ 3); Franklin testifies to the contrary (Franklin aff., ¶ 12). This dispute of fact is not material to Franklin's claim, however, as her claim rests entirely on the content

Plaintiff responds that "the *attachments* to the fax in this case, is not the fax itself and whether the disclaimer is on the attachment or not, it does not meet the requirement of the FDCPA to include the disclaimer on the correspondence itself, which is the fax's main document.  The disclaimer on the fax's attachment, the Process of Garnishment, pertained solely to the Process of Garnishment; it did not indicate that the '*fax*' was from a debt collector, but that the *Process[]of Garnishment* was from a debt collector. ... For example, it could very well be that the *fax* was sent by a *non-debt* collector who was simply sending a fax with instructional information, and the attached Process[]of Garnishment was from a debt collector."  (Doc. # 56, p. 24)(emphasis in original).[10]

        In evaluating debt collector communications under § 1692e, the Eleventh Circuit uses a "least sophisticated consumer" standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985)("least sophisticated consumer" standard is applicable generally to claims of false or misleading communications under § 1692e; applying it in the context of § 1692e(10)); see *e.g.*, Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1339 (M.D. Fla. 2010), *affirmed*, 432 Fed. Appx. 918 (11th Cir. 2011)(stating, in a case involving

---

of the faxed communication.  (See Complaint, Count 3 and Exhibit 1; see also Complaint, ¶¶ 1-19)(factual allegations).  Franklin does not argue otherwise (see Doc. # 56, pp. 23-24).  Plaintiff has not sought leave to amend her complaint to include a claim that Duncan's verbal communication to her failed to include the notice required by § 1692e(11), and the deadline for amendment has passed.

        [10]  Plaintiff further contends that Count 3 should survive summary judgment because Dean's faxed communication to her also violates § 1692e(11) in that Dean failed to submit to her, within five days, notice of her right to verification of the debt as required by § 1682g.  (Doc. # 56, p. 24). This argument is without merit. Section 1692e(11) pertains to the debt collector disclosure, not to the notice required by § 1692g.  (See Counts 3 and §§ 1692e(11); 1692g).

13

§ 1692e(11) that "[w]hether Defendant has violated the FDCPA hinges upon whether the audio message, taken as a whole and from the point of view of the least sophisticated consumer, failed to put the Plaintiff on notice [] that the Defendant was a debt collector"). The test "has an objective component in that[,] while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness[.]" LeBlanc v. Unifund CCR Partners, ZB, 601 F.3d 1185, 1194 (11th Cir. 2010)(citations and internal quotation marks omitted).

A "communication" under the FDCPA means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). As it relates to plaintiff's claims arising from the "fax," Dean conveyed information to plaintiff by way of a single  facsimile transmission consisting of three pages. The acknowledgment form – page one of the transmission – includes a signature block for Franklin and bears a case style for the case of Alabama State Employees Credit Union v. Nue C. Franklin, Case No. SM-2008-761-JBP, in the District Court of Montgomery County, Alabama.  It refers, on its face, to the attached copy of the "Garnishment."  The attached copy of the garnishment process also lists the "Alabama State Employees Credit Union" as the plaintiff and "Nue C. Franklin" as the defendant in Case Number SM-2008-781-JBP in the District Court of Montgomery County, Alabama.  It notes Dean's name as the attorney for the plaintiff creditor, and also includes the debt collector disclosure required by the statute.

14

The evidence does not demonstrate the existence of a genuine issue of material fact regarding whether the acknowledgment form and its referenced attachment were two separate "communications" for purposes of the required FDCPA notices; it is beyond dispute that the three pages sent together were a single "communication."  See Wiener v. Bloomfield, 901 F.Supp. 771 (S.D.N.Y. 1995)(treating letter, summons, and complaint sent together to consumer as one "communication").  Additionally, the evidence of record does not permit a reasonable conclusion that the "structure" of the communication – viewed as a whole from the perspective of the "least sophisticated consumer," who is presumed to "possess[] a rudimentary amount of information about the world and a willingness to read a collection notice with some care" (see Hepsen v. Resurgent Capital Services, LP, 383 Fed. Appx. 977, 881 (11th Cir. 2010)(citation omitted)) – obfuscated the explicit debt collector notice on the second page of the fax so that it was unclear that the communication was from a debt collector who was attempting to collect a debt.   Thus, Dean is entitled to summary judgment on Count 3.

In Counts 1 and 4, plaintiff asserts that Dean used false or misleading communications in an attempt to collect the alleged debt in violation of § 1692e in the language on the acknowledgment form itself – specifically, that plaintiff had "in fact been served" (Count 1) and that she had "voluntarily accepted a copy of the Garnishment(s) from the Plaintiff's attorney and is filing this document with the court" (Count 4) – because plaintiff had not, in fact, been served with the garnishment process, had not voluntarily accepted a copy of the

garnishment and had no intention of filing the acknowledgment form with the court. Dean argues that the unsigned document sent to plaintiff for her signature was not a statement from Dean at all but was, instead, a document that – had plaintiff chosen to sign it – would have included representations from Franklin that she had voluntarily accepted service from ASECU's attorney. The court finds that it is clear from the face of the acknowledgment form that the document was prepared for *plaintiff's* signature. The evidence does not permit a reasonable conclusion that even the least sophisticated consumer would understand the faxed acknowledgment form – which included a blank line for plaintiff's signature – to include representations from Dean or his office about the existing status of plaintiff's voluntary acceptance of service or of her intention regarding filing the form with the court. See Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85 (2nd Cir. 2008)(The "least-sophisticated-consumer standard" is an "objective test" that "protects debt collectors from unreasonable constructions of their communications"); LeBlanc, 601 F.3d at 1194 (citing Jacobson for this proposition). Dean is, accordingly, entitled to summary judgment on Counts 1 and 4.

In Count 6, plaintiff alleges that Dean, in violation of § 1692d, "sent [the] fax to the plaintiff to harass, oppress, and abuse the plaintiff into signing away her rights since he knew plaintiff had no knowledge of the garnishment of her money." (Complaint, p. 6). Section 1692d prohibits debt collector conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

16

The statute – without limiting its general application – expressly prohibits certain conduct including, generally: the use or threat of use of violence or criminal means; the use of obscene, profane or abusive language; publishing a list of non-paying consumers; advertisement of a debt for sale; repeatedly calling by telephone with the intent to annoy, abuse or harass; and the placement of telephone calls without meaningful disclosure of the caller's identity.  Id., subsections 1-6.  The "least sophisticated consumer" standard used generally to analyze § 1692e claims does not apply to those brought pursuant to § 1692d; instead, such claims "should be viewed from the perspective of a consumer whose circumstances make[] him relatively more susceptible to harassment, oppression, or abuse." Jeter, 760 F.2d at 1179.  Dean contends that he is entitled to summary judgment because plaintiff consented to receiving the fax  and because "the facts as alleged by Franklin do not have the natural consequence of harassing or abusing a person."  (Doc. # 49, pp. 6-7).

Plaintiff agrees that she authorized Dean's employee to send her the garnishment papers by fax; she states that she told Dean's employee that she "would read over it and get back to her."  (Franklin aff., ¶ 18).  However, she argues that "Dean's fax sought to oppress Franklin by misleading her to sign a document which would cause her to lose her right to file for exemption of the garnished funds and sought to wrongfully deprive Franklin of her much needed funds; by falsely representing to Franklin that she would be properly [] served upon signing the fax and returning it to his office; and by verbally representing to Franklin that his

17

office already had collected the garnished funds." (Doc. # 56, pp. 26-27).[11]  In other words,

plaintiff contends that the fax violated § 1692d because it was intended to mislead her into

signing the acknowledgment for the purpose of wrongfully depriving her of her money.

Although plaintiff disputes that she owed the underlying debt, she avers that Dean had

obtained a default judgment against her in 2008 – two years before the garnishment

proceedings giving rise to the present action – on behalf of the ASECU. (Franklin aff., ¶ 1).[12]

She describes her August 2010 conversation with Dean's employee, testifying that the

employee told plaintiff that Dean's office had "garnished and received [plaintiff's] funds,"

asked plaintiff whether she was willing to come to Dean's office to sign paperwork to "close

the case," and – when plaintiff declined – asked whether she could fax the paperwork to the

plaintiff "concerning garnished monies they received from [plaintiff's] bank account."

(Franklin aff., ¶¶ 7-10, 12, 15, 17-18). Plaintiff further testifies to her subjective feeling of

being oppressed and harassed by Dean's office after the conversation with Dean's employee.

(Id., ¶ 11).  The content of the faxed communication itself is set forth above. Plaintiff testifies

that the third page of the facsimile transmission was "a poor and illegible copy" that was

---

[11]  As to the latter, plaintiff cites the acknowledgment form and her own affidavit at page 2, line 12.  At the cited portion of her affidavit, plaintiff states, "On August, 20, 2010, Dean's employee told me that the money had already been collected by them and that I only needed to sign a form as a finalizing act to close the case, because if I did not the judgment would continue to accrue interest." (Franklin aff., ¶ 9)(errors in date in original). Although the circumstances of plaintiff's conversation with Duncan are relevant to plaintiff's claim, the claim alleges only that "Dean sent a fax" to harass, oppress and abuse her.  (See Complaint, Count 6).

[12]  See also Doc. # 56, pp. 9-11 ("Franklin's Narrative Summary of Undisputed Facts"); Franklin depo., pp. 57-62, 75-76, 114-16; Exhibit 3 to Franklin depo. (2008 judgment).

"illegible to [her,]" causing her to have to "do independent research of Alabama's laws pertaining to garnishment procedures."  (Id., ¶¶ 21-23; see also Doc. # 57-1, pp. 2-3 (Attachment 1 to Franklin aff., identified by plaintiff as "Faxed Process of Garnishment Received from Dean's Office on 8-23-10")).  The court accepts as true, for purposes of the present motion, plaintiff's testimony that Dean's employee told her that Dean's office had "received [Franklin's] funds from [her] bank" when, in fact, the money was being held by the court (Franklin aff., ¶ 11; Franklin depo., pp. 144-45, 147), as well as plaintiff's testimony that she found page three of the faxed communication to be illegible.  (Franklin aff., ¶¶ 21-22).[13]

In Jeter, the Eleventh Circuit considered claims pursuant to § 1692e and § 1692d arising from two letters sent to Jeter by the defendant debt collector.  760 F.2d at 1171-72, 1175-80.  The court concluded that material issues of fact precluded summary judgment on Jeter's § 1692e "false or misleading representation" claims.  Id. at pp. 1175-80.  As to the plaintiff's harassment/abuse claim, the court first determined that the debt collector's conduct was not encompassed within the express prohibitions listed in subsections 1-6 of § 1692d.  Id. at 1178.  The court next turned to the question of whether the conduct at issue fell within the general proscription of § 1692d.  The debt collector's second letter to Jeter stated, "This

---

[13]  Plaintiff has filed a copy of the faxed communication she received and, while the page including the notice to defendant regarding the right to claim exemption is not as clear as an original, the text on the faxed page is legible to the undersigned. (See Doc. # 57-1 at p. 3).  However, at this stage of the proceedings, the court accepts as true plaintiff's testimony that *she* was not able to read it.  Dean's objection to the court's consideration of this testimony because it is "not true" (see Doc. # 60) is overruled.

is our final notice to you before recommending that our client give the account to their attorney for legal action" and warned her that this "may cause you embarrassment, inconvenience and further expense[.]"  Id. at 1171.  The Eleventh Circuit found this latter warning – i.e., that legal action "may cause [her] embarrassment, inconvenience and further expense – to be a true statement of the potential consequences of a debt collection lawsuit and, further, that "even a consumer susceptible to harassment, oppression, or abuse would not have been harassed, oppressed, or abused by the statement in and of itself."  Id. at 1179 (emphasis in original).  The court next analyzed whether the statement, as "part and parcel of general representations which a reasonable jury could find to be violative of § 1692e(5) and (10), i.e. potentially deceptive or false use of threats to recommend legal action," violated § 1692d.  Id. at 1179-80.  Noting that "[d]eception or falsehood alone ... is wholly different from the conduct condemned in subsections (1) through (6) of § 1692d," the court concluded that "Congress did not contemplate the prohibition of deceptive conduct per se within the confines of  § 1692d."  Id. The court affirmed the district court's summary judgment in favor of the debt collector, finding that – as a matter of law – its conduct was not proscribed by § 1692d.

In the present case, plaintiff's "harassment" claim rests almost entirely on deceptive conduct – i.e., the alleged misrepresentation by Dean's employee in the telephone conversation and the misrepresentations plaintiff alleges to exist within or arising from the faxed document itself.  Plaintiff also appears to contend that the illegibility of the third page

of the communication contributed to the harassment; however, she cites no evidence that she asked Dean's employee to re-transmit the document, or even that she informed Dean or anyone at his office that she was unable to read the third page of the faxed communication. Plaintiff does not contend that Dean committed any of the conduct proscribed expressly by subsections 1-6 of § 1692d.  (See Doc. # 56, pp. 26-27).  Plaintiff points to no evidence of record that would permit a reasonable conclusion that Dean's conduct in sending the faxed communication to Franklin – viewed in the context of plaintiff's conversation with Dean's employee before the transmission and "from the perspective of a consumer whose circumstances make [her] relatively more susceptible to harassment, oppression, or abuse" Jeter, 760 F.2d at 1179 – violated the general prohibition of § 1692d against the use of harassing, oppressive or abusive conduct in collecting a debt.  Thus, Dean is entitled to summary judgment on Count 6.

### Counts 9 and 10

In Counts 9 and 10, plaintiff alleges that Dean "represented to plaintiff that he had already collected plaintiff's funds, and they only needed plaintiff's signature[.]" (Complaint, pp. 7-8).  In Count 9, she asserts that this representation was false and misleading in that "he had not collected the funds because they were being held by the court at the time."  (Id., p. 7).  In Count 10, plaintiff asserts that this representation "was a threat to take action he could not _legally_ take because the law required him to present a document with [plaintiff's] signature acknowledging that [she] had been served with the WG, and such document Dean

did not have; hence he could not _legally_ take the action he had threatened to take or the action he indicated he had taken." (Id., p. 8)(emphasis in original). Plaintiff's allegation of a threat to take action in the future invokes § 1692e(5), which prohibits "[t]he threat to take any action that cannot legally be taken[.]" 15 U.S.C. § 1692e(5).[14] To the extent she alleges that Dean represented falsely that he had "already collected plaintiff's funds" and that he could not legally have taken the action that he falsely claimed to have taken, plaintiff claims a violation of §1692e(10), which proscribes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt[.]" 15 U.S.C. § 1692e(10).[15] As to Count 9, Dean asserts that he is entitled to summary judgment because: (1) Duncan told Franklin that "the money was on hold and could not be obtained until Franklin was served" (Doc. # 49, p. 8)(citing Duncan aff.); and (2) "whether Dean had the garnished funds or they were on hold at the courthouse was immaterial[,]," as "[t]he location of the garnished funds would not provide any further information to Franklin to help her to decide intelligently what to do" (id.). For purposes of summary judgment, as noted above, the court accepts as true plaintiff's testimony that Dean's employee told her that Dean's office already had the money. (See Franklin depo., p. 145)("She said we already have the funds, we just need you to sign

---

[14] The subsection also prohibits a debt collector from threatening to take action "that is not intended to be taken." Plaintiff does not allege that Dean did not intend to take a threatened action but, instead, that he threatened action he "could not _legally_ take[.]" (Complaint, Count 10)(emphasis in original).

[15] Dean does not contend that he is not subject to vicarious liability under the FDCPA for representations made by his employee.

this document so we can close the case."). Thus, Dean's contention that he is entitled to summary judgment because Duncan did not say what plaintiff claims she said is without merit. Dean's argument that the representation as to the location of the funds was not material also is without merit. A reasonable factfinder might well conclude that the representation from a debt collector that he "already [had] the funds" in his possession could affect the decision of the "least sophisticated consumer" regarding whether to pursue a claim of exemption in court or otherwise to contest the garnishment. Cf. Kungys v. U.S., 485 U.S. 759, 770 (1988)(observing, in the context of statutes prohibiting misrepresentation to or concealment of material facts from public officials that "a concealment or misrepresentation is material if it 'has a natural tendency to influence, or was capable of influencing, the decision of' the decisionmaking body to which it was addressed")(citation omitted). Accordingly, Dean has not demonstrated his entitlement to summary judgment on Count 9.

Dean contends that he is entitled to summary judgment on Count 10 – the § 1692e(5) claim – because: (1) had plaintiff chosen to sign the faxed acknowledgment, he could have had the funds released by the court and paid out to his client and, therefore, he was not threatening to take action he could not take legally; (2) as evidenced by the fact that she contested the garnishment in court, plaintiff was not misled by the representation; and (3) "Franklin does not allege any action that was threatened to be taken." (Doc. # 49, p. 8). Plaintiff alleges within Count 10 that Dean "represented to plaintiff that he had already collected plaintiff's funds, and they only needed plaintiff's signature." (Complaint, p. 8).

The allegation within Count 10 itself is vague, but it implies that Dean "only needed plaintiff's signature" in order to do *something*, and the allegation must be read in the context of the factual allegations set forth in the "Case Facts" section of plaintiff's complaint. (See Complaint, ¶¶ 6-11)(allegations suggesting that Dean sought to "claim the money" in contravention of plaintiff's right to claim exemption from garnishment). Construing plaintiff's *pro se* complaint liberally, as it is required to do, the court cannot agree with Dean's argument that plaintiff failed to *allege* "any action that was threatened to be taken," and therefore turns to his contention that he is entitled to summary judgment because plaintiff was not misled by the representation.

Plaintiff's failure to be misled does not entitle Dean to summary judgment on the § 1692e(5) claim. The question is not whether plaintiff was in fact deceived but, instead, whether: (1) the representation included a threat to take action; and (2) if so, whether Dean could take such threatened action legally. Cf. Jeter, 760 F.2d at 1176 (noting, in the context of an alleged threat to take action that was not intended to be taken, that the jury has two tasks: (1) "to determine just what was threatened" and (2) to decide whether the debt collector intended to take such threatened action).

Dean's remaining contention is that he is entitled to summary judgment on this claim because he could legally have taken action to have the garnished funds paid to his client "had Franklin signed the form which was faxed to her[.]" (Doc. # 49, p. 8).[16]

---

[16] Although the "least sophisticated consumer" standard applies generally to claims of § 1692e violations, Jeter holds that it does not apply in this context. Jeter, 760 F.2d at 1175

During plaintiff's deposition, Dean questioned plaintiff about what his employee had told plaintiff.  Plaintiff testified as follows:

> Q:  But did you say earlier just a little while ago in the deposition under oath that my employee acknowledged or explained to you that the funds had been garnished, but we had not yet received them; didn't she say that?
>
> A.  No.  She said we already have the funds, we just need you to sign this document so we can close the case.
>
> Q.  Did she say why she needed you to sign the document if we've already got the funds?
>
> A.  So we could close the case.

(Franklin depo., p. 145; see also id., pp. 136, 140).  While contingent or conditional language in a debt collector's communication does not necessarily preclude a finding of a threat, the particular representation evidenced in this case – as testified to by plaintiff, and in the context of the faxed document – cannot reasonably be understood to threaten any action at all, absent plaintiff's signature on the faxed acknowledgment.  The acknowledgment form on which the employee sought plaintiff's signature indicates on its face that it was to acknowledge that Franklin had "*voluntarily* accepted a copy of the Garnishment(s) from the Plaintiff's attorney[.]" (Exhibit 6 to Franklin depo.).  Additionally, the copy of that faxed transmission

---

("Subsection (5) of § 1692e does not require application of the legal standard developed in Part II, *supra* [the "least sophisticated consumer" standard]. ... The sophistication, or lack thereof, of the consumer is irrelevant to whether Credit Bureau 'threat[ened] to take any action ... that [was] not intended to be taken.'"); id. at 1176 (after noting alternative inference that could be drawn from the debt collector's letters, finding that "[a] reasonable jury could read the letter as a threat to recommend legal action immediately upon the expiration of the five-day period or shortly thereafter" and concluding that the issue should have been submitted to the jury); but see LeBlanc, 601 F.3d at 1195 (applying "least-sophisticated consumer' standard in the context of § 1692e(5)).

that plaintiff has filed in this court as a "true and correct copy of the fax and its attachments" demonstrates that – even though plaintiff allegedly could not read it – the document that Dean's employee faxed to Franklin included a notice of plaintiff's right to claim exemption from garnishment. (Exhibit 1 to Franklin aff.). Viewed in the light most favorable to plaintiff, the evidence of record does not permit a reasonable conclusion that Dean's employee's statement constituted a threat to take action, or even that the "least sophisticated consumer" would have understood it to communicate such a threat. Dean is, therefore, entitled to summary judgment on Count 10.

### Count 12

In the "Case Facts" section of her complaint, plaintiff alleges that, after he collected the garnished funds from the court, Dean "sent plainti[]ff a letter indicating that the garnished funds had covered nearly all of the alleged debt ex[ce]pt a 'very small' portion still remained; but he was closing the books on the alleged debt and would not attempt to collect the 'very small' portion of th[]e alleged debt still allegedly owed.  Yet, contradicting, the following paragraphs indicated that the 'very small' portion would continue to accrue interest and plaintiff would be liable for paying the 'very small' portion plus interest." (Complaint, ¶ 19). In Count 12, plaintiff asserts that Dean committed a "Violation of the FDCPA 15 USC 1692e(5)[.]"  She alleges that, after receiving the garnished funds, "Dean sent plaintiff a misleading, confusing letter indicating that he was considering the debt paid in full and *closing the books* on the alleged debt, even though there was a 'very small' portion of the

26

alleged debt still owed.  But the contradicting following paragraphs indicated that the 'small' portion of the alleged debt still owed would continue to accrue interest and would still *have to be paid.*" (Id., p. 8).

> The challenged text of Dean's letter reads as follows:
>
> Dear Ms. Franklin:
>
> You currently owe $6.50 in the above case to completely satisfy the debt.  This balance is very small. Therefore, we are this day closing our file and ceasing all collection activity on this account, but we did want you to know that the balance was still owed. In addition, interest continues to accrue on the outstanding and unpaid balance, per Alabama law. Therefore, if and when you ever call to pay this off in the future, the balance will be higher than that listed above.  If you would like to pay this balance at the present time and satisfy the judgement against you in the above case, then please send us a check or money order to the above address for the above amount.  If you do not pay this sum within the next few days and we do close the account, the balance will be higher if and when you decide you want to pay this in the future.

(Franklin depo., pp. 26-27; Exhibit 8 to Franklin depo.).[17]  No reasonable factfinder could conclude, even viewing this letter from the perspective of the least sophisticated consumer, that it communicates a threat, as required for a claim pursuant to 15 U.S.C. § 1692e(5).  As noted above, plaintiff claims that the letter was "misleading and confusing" because Dean first indicated that he "was considering the debt paid in full and *closing the books* on the alleged debt" and then contradicted this by indicating that the small amount remaining on the debt "would continue to accrue interest and would still *have to be paid.*" (Complaint, p. 8)(emphasis in original).  To the extent that plaintiff seeks to assert a claim pursuant to the

---

[17]  The letter concluded with the debt collector disclosure language.  (Id.).

general prohibition of §1692e based upon this alleged contradiction, the court concludes that no reasonable jury could conclude that the least sophisticated consumer would find such a contradiction to exist; Dean's letter includes no language permitting a reasonable conclusion that the least sophisticated consumer would understand the letter to state or imply that Dean considered the debt to be "paid in full," as plaintiff alleges.[18]  Dean is entitled to summary judgment on Count 12.

<u>Counts 2, 7 and 8</u>

The three remaining claims included in plaintiff's complaint all arise from Dean's conduct in adding plaintiff's name to the return of service on the writ of garnishment and filing the document with the Montgomery County District Court.  (<u>See</u> Complaint, ¶¶ 1, 3, 4, 14-16; pp. 4, 6-7).  In both Counts 2 and 7, plaintiff alleges that Dean committed forgery by writing plaintiff's name into the return of service area.  She asserts in Count 2 that Dean violated 15 U.S.C. § 1692e by doing so; in Count 7, she claims that the same conduct constitutes actionable "forgery."[19]  (<u>See</u> Complaint, Count 2 ("Dean clearly forged the WOG

---

[18]  In her response to summary judgment, plaintiff contends that the letter was confusing because it conflicts with the amounts in the process of garnishment and because it conflicts with <u>Ala.Code</u> § 8-8-11, which specifies that a partial payment is applied to interest first and then to principal. This is not, however, what plaintiff alleged in her complaint. In the complaint, she asserted confusion arising from the "conflicting" representations on the face of Dean's letter. (Complaint, ¶ 19 and Count 12). Plaintiff may not amend her complaint by way of argument in opposition to summary judgment.

[19]  Plaintiff does not indicate in her complaint whether she brings Count 7 pursuant to federal or state law.  However, in contrast to her other claims, plaintiff does not identify a federal statute in Count 7. Additionally, both parties have treated the claim as asserted under Alabama law; Dean views it as arising solely under Alabama criminal law and Franklin asserts that it is a civil fraud claim. (<u>See</u> Doc. # 49, p. 7; Doc. # 56, p. 27). Despite plaintiff's heading identifying Count 7 as

by inserting plaintiff's name in the process server's area, falsely indicating that plaintiff had been properly served the document when she had not."); Count 7 (process server did not serve plaintiff and Dean "wrote plaintiff's name on the WG in the process server's area months after the WG was returned to him.  Dean did this to have it appear as though the WG was properly served on plaintiff by a process server, in accordance with the law, but it was not.  Instead it was Dean, who inserted plaintiff's name, and personally "presented" the WG to the plaintiff in open court on the day of the hearing.").  In Count 8, plaintiff claims that Dean violated 15 U.S.C. § 1692e(5) – which prohibits "[t]he threat to take any action that cannot legally be taken" – because he wrote plaintiff's name in the return of service area of the writ of garnishment and "falsely represented that he, personally, was allowed by law to serve process on plaintiff even though legally he is not allowed to serve process on an adverse party."  (Complaint, Count 8).

It is undisputed that the process server who served the writ of garnishment on Max Federal Credit Union on May 28, 2010, and signed the return of service did not serve the writ on plaintiff.  (Dean aff., ¶ 8; Franklin aff., ¶¶ 3, 4, 7; Doc. # 6, p. 14).  Franklin testifies by affidavit that, after she received Dean's August 23, 2010 fax, she filed a claim of exemption from garnishment in the Montgomery County District Court.  (Franklin aff., ¶¶ 19-27).  She further avers:

Dean purported to satisfy service of the notice requirement by advising the

"Forgery," the court – based on the factual allegations within the claim, treats the claim as a state law fraud claim.

judge that he would serve me in "open court[.]"[]

Dean then proceeded to hand me a copy of a document with the heading,
"NOTICE OF SERVICE OF GARNISHMENT" typed under the case
caption[.]  A copy of the two page Process of Garnishment was attached to the
Notice of Service of Garnishment.

I noticed that on the second page of the Process of Garnishment Dean had
filled in my name in the process server area and had filled in a date of
September 20, 2010 which made the process of garnishment look as if proper
service of the notice had been accomplished on me but Dean did not sign his
name in the service of process area.

(Id., ¶¶ 28-30).

The notice that plaintiff references in her affidavit bears Dean's signature and a date

of September 20, 2010, and reads as follows:

COMES NOW the undersigned and notifies the Court and all persons that *he*
has served a copy of the garnishment upon the Defendant, in the above case,
*in open court*, on September 20, 2010, when the Defendant appeared in court
for a hearing. A copy of the documents that were served upon the Defendant
are attached to this pleading.

(Exhibit 7 to Franklin depo. (emphasis added); Franklin depo., pp. 25-26). The writ of

garnishment, with the return of service completed as described by Franklin, was attached to

Dean's notice.  (Id.).

In her deposition, Franklin testified as follows:

Q.  ... One of your complaints is we didn't serve you with this garnishment; is
that correct?

A.  Yes, it is.

Q.  Now, can we agree that on the date of the hearing in front of Judge Pool,
which was September 20th of 2010, I handed you a copy of the garnishment.

30

Can we agree with that?

A. Yes, you handed me a copy of the garnishment.

(Franklin depo., p. 89).

The evidence that Dean inserted plaintiff's name into the return of service on the writ of garnishment, above the process server's signature and without any notation that someone other than the process server served the writ on Franklin, might – *under different circumstances* – be sufficient to demonstrate a misrepresentation or a forgery.  However, in this case, it is undisputed that Dean further altered the writ by adding the date "9/20/10" (the date of the hearing) for the date of service on Franklin and, also, that the altered writ was attached to a notice stating that *Dean* – not the process server – served the writ on Franklin. It is further undisputed that Dean presented the writ to Franklin during the course of the September 20, 2010, hearing and in the presence of Judge Pool. Given this evidence of record, no reasonable factfinder could conclude that Dean inserted plaintiff's name on the writ "to have it appear as though the WG was properly served on plaintiff by a process server," as plaintiff alleges in her complaint.

Plaintiff further contends in her brief that the notice of service bears a stamp indicating that it was filed at 8:10 a.m., just before the 8:30 a.m. hearing.  (See Doc. # 56, Plaintiff's brief, at p. 18).  The date/time stamp on the copy of the notice plaintiff filed with the court is illegible, except for the numeral "0."  (See Doc. # 65-2).  The time of the filing is not legible on other copies of the notice included in the record.  (See Doc. # 49-3 at pp.

31

205, 208 (Exhibits 7 and 9 to Franklin depo.);  Doc. # 6, pp. 69, 83 (state court record)).  The

state court's docket sheet reflects that Dean's notice was docketed at 14:45 on September 20,

2010.  (Doc. # 6, p. 95).  Even assuming that the date/time stamp reads as plaintiff claims it

does, this evidence is not sufficient – again, in view of all of the other evidence of record

regarding Dean's presentation of the writ to plaintiff in Judge Pool's presence, during the

hearing – to permit a reasonable juror to conclude that, by filing the document with the clerk

just prior to the hearing, Dean used a false representation or means in an attempt to collect

a debt, as required to sustain plaintiff's claim under either the general provision or subsection

10 of § 1692e.  Dean did not simply file the document and then use it to prove to Judge Pool

that plaintiff had received the writ; he followed up the filing by handing the writ to Franklin

in open court in Judge Pool's presence.  Additionally, the evidence of record is insufficient

to permit a reasonable conclusion – even viewing the notice, the altered writ, and the

circumstances of Dean's presentation of those documents to the court and to plaintiff from

the perspective of the least sophisticated consumer – that Dean threatened to take any action,

as required to support a claim under § 1692e(5).

Under the Federal Rules of Civil Procedure, a party must "state with particularity the

circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b).  In her state law fraud claim (Count

7), plaintiff does so by alleging that Dean "wrote plaintiff's name on the WG in the process

server's area months after the WG was returned to him" and that he "did this to have it

appear as though the WG was properly served on plaintiff by a process server[.]"

(Complaint, Count 7, pp. 6-7).   The undisputed evidence of record does not support a reasonable conclusion that Dean, by writing plaintiff's name on the return of service, attaching it to his notice of service and presenting it to plaintiff and the court, represented to either the court or to Franklin that the process server had served Franklin with the writ of garnishment.   Plaintiff cannot, therefore, establish her state law fraud claim.   See Ala. Code § 6-5-101 (defining fraud to require "[m]isrepresentations of a material fact").

### Alabama Litigation Accountability Act

Dean has asserted a counterclaim against Franklin pursuant to the Alabama Litigation Accountability Act.   (See Doc. # 25). Within a pleading she styles as "RESPONSE TO DEFENDANT'S MOTION TO DISMISS and RESPONSE TO COUNTER-CLAIM and MOTION FOR SANCTIONS" (Doc. # 29), plaintiff includes a section styled "Motion to Dismiss; Answer & Affirmative Defenses." (Doc. # 29, Section II(A), pp. 4-5).  She moves to dismiss Dean's counter-claim "pursuant to FRCP 12(b) for failure to state a claim upon which relief can be granted" and "as frivolous and for violation of FRCP 11 and 28 USC 1927." (Id.). She further moves for sanctions against Dean "for his frivolous, harassing counter-claim pursuant to 12-19-272 of the Alabama [Litigation] Accountability Act." (Id., p. 7).

Plaintiff makes no argument in support of her contention that Dean's counter-claim fails to state a claim upon which relief may be granted. Although Dean was given an opportunity to do so (see Doc. # 32), he filed no response to plaintiff's motion to dismiss.

Under the Alabama Litigation Accountability Act ("ALAA"), a court may award reasonable attorney fees and costs against a party to a civil action who has asserted a claim or defense without substantial justification. Ala. Code, § 12-19-270, *et seq.*[20]  For purposes of the ALAA, "without substantial justification" includes, *inter alia*, claims or defenses that are "frivolous," "groundless in fact or in law," or 'interposed for any improper purpose[.]" Ala. Code, § 12-19-271.

Dean alleges that plaintiff's pleading is frivolous and has "no basis in law or fact." (See Doc. # 25, Counterclaim).  However, a motion or claim for sanctions under the ALAA may be assessed against a non-attorney *pro se* litigant only if the *pro se* party "clearly knew or reasonably should have known that [her] ... claim ... was without substantial justification." Ala. Code, § 12-19-272(e).  Plaintiff is a non-attorney, and she appears *pro se* in this action,

---

[20] Because it was not clear from plaintiff's complaint that she sought relief under Alabama law in any of her claims, the court previously directed the parties to provide legal authority for the proposition that relief under the ALAA is available in a federal question case. (Doc. # 32).  Dean failed to respond to the order.  The court has now determined that plaintiff asserts her forgery/fraud claim under Alabama law rather than federal law (see n. 19, *supra*).  The court applies state substantive law to claims before it pursuant to its supplemental jurisdiction. Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1309 (11th Cir. 2007); Lundgren v. McDaniel, 814 F.2d 600, 605-06 (11th Cir. 1987).  The ALAA's provision allowing fees and costs is substantive. Cf. Jones, 494 F.3d at 1309-10 (Florida offer-of-judgment statute substantive for Erie purposes; analyzing state statute to determine propriety of award of fees on Florida Civil Rights Act claim before the court under its supplemental jurisdiction); Tanker Management, Inc. v. Brunson, 918 F.2d 1524, 1527-29 (11th Cir. 1990)(Florida offer-of-judgment provision permitting award of attorney fees applied in diversity case); Fields v. Primerica Life Insurance Co., 2002 WL 31059371, *1 (M.D. Ala. Jul 30, 2002)("As laws governing the award of attorney's fees are considered substantive in nature, the Erie doctrine requires a court sitting in diversity to make such determinations in reference to the applicable state law.").  Accordingly, the ALAA applies to Count 7, plaintiff's sole state law claim. It does not apply, however, to plaintiff's federal claims. See Mobile Gas Service Corp. v. Utilities Board of the City of Daphne, 2005 WL 2428329, *2 (S.D. Ala. Sep. 30, 2005)(concluding that ALAA does not apply in a case before the court "exclusively pursuant to 28 U.S.C. § 1331").

so Dean has no right to relief under the ALAA absent a factual finding from the court that the plaintiff clearly knew or reasonably should have known that her claim lacked substantial justification. Schweiger v. Town of Hurtsboro, 68 So.3d 181, 184-85 (Ala. Civ. App. 2011). Dean includes no factual allegations within the pleading presenting his counterclaim suggesting that plaintiff either knew or reasonably should have known that her state law forgery/fraud claim lacked substantial justification; therefore, Dean has failed to state a right to relief on his counterclaim against Franklin.[21] See Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007)(to overcome Rule 12(b)(6) motion, pleading must include factual allegations sufficient "to raise a right to relief above the speculative level").

Even though the factual allegations of Dean's counterclaim are not sufficient to allege a claim for relief against Franklin under the ALAA, plaintiff's motion for sanctions against Dean under the ALAA is also due to be denied. As discussed previously, Dean is entitled to summary judgment on plaintiff's state law fraud claim because the *undisputed* facts are not sufficient to support a reasonable conclusion that Dean made a misrepresentation of material fact. The undisputed evidence of record suggests that plaintiff's state law fraud claim is at least arguably frivolous. Additionally, although he failed to allege facts in his counterclaim suggesting that plaintiff knew or reasonably should have known that her state

---

[21] Dean – an attorney – chose to pursue fees and costs by way of an ALAA counterclaim rather than by motion and, also, failed to file a response to plaintiff's motion to dismiss. Thus, although the court gave him an opportunity to do so (see Doc. # 32), Dean has presented no argument opposing plaintiff's contention that his ALAA counterclaim fails to state a claim upon which relief may be granted.

law claim was without merit, the evidentiary record developed on summary judgment as to Dean's insertion of plaintiff's name into the return of service suggests that Dean might well have been able to establish this element of his ALAA claim.  Under these circumstances, the court cannot conclude that Dean's counterclaim was without substantial justification as required to justify plaintiff's request for sanctions under the ALAA.  For the same reason, plaintiff is not entitled to sanctions against Dean pursuant to 28 U.S.C. § 1927, an additional legal basis she cites in her motion for sanctions.[22]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Dean's motion for summary judgment (Doc. # 48) be DENIED as to Counts 5 and 9 and GRANTED as to all other claims.

(2)  Franklin's motion to dismiss Dean's counterclaim (included within Doc. # 29) be GRANTED; and

(3) Franklin's motion for sanctions against Dean pursuant to the Alabama Litigation Accountability Act and 28 U.S.C. § 1927 (also included within Doc. # 29) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any

---

[22]  To the extent Franklin's motion for sanctions and Dean's counterclaim are based on Rule 11, the court previously denied the motions due to the parties' failure to comply with the procedural requirements and prerequisites for a Rule 11 motion.  (See Doc. # 32).

36

objections to this Recommendation on or before February 14, 2013. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 31st day of January, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE