IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUE CHEER FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-683-WKW |
| ) | [WO] |
| RICHARD C. DEAN, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the court is Recommendation of the Magistrate Judge. (Doc. # 72.) Plaintiff Nue Cheer Franklin filed an objection. (Doc. # 73.) After careful consideration of the record, the court finds that the objection is due to be overruled and the Recommendation adopted.

Ms. Franklin's suit against Defendant Richard C. Dean, an attorney who practices debt collection law, arises from earlier garnishment proceedings in state court. On July 1, 2008, Mr. Dean's client, the Alabama State Employees Credit Union, obtained a default judgment in state court against Ms. Franklin in the amount of $239.95 for breach of contract. On May 28, 2010, Mr. Dean attempted to recover the judgment on behalf of his client by filing an application for a process of garnishment directed to Max Federal Credit Union, where Ms. Franklin had an account. The writ of garnishment issued; Ms. Franklin contested the writ, but

ultimately she did not prevail in the state district court or on appeal. As a result, the earnings in Ms. Franklin's bank account were garnished, satisfying all but $6.50 of the judgment.

In this lawsuit, Ms. Franklin alleges that Mr. Dean's conduct in the garnishment of her bank account violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and amounted to state law fraud. Mr. Dean filed a Counterclaim against Ms. Franklin pursuant to the Alabama Litigation Accountability Act ("ALAA"), Ala. Code §§ 12-19-270 to 12-19-276. Ms. Franklin moved to dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), and further moved for sanctions against Mr. Dean pursuant to the ALAA and 28 U.S.C. § 1927. As for his part, Mr. Dean moved for summary judgment on Ms. Franklin's claims pursuant to Federal Rule of Civil Procedure 56.

In the Recommendation, the Magistrate Judge recommends that this court grant the summary judgment motion as to all claims except the FDCPA claims in Counts 5 and 9, that Ms. Franklin's motion to dismiss Mr. Dean's Counterclaim be granted, and that Ms. Franklin's motion for sanctions against Mr. Dean be denied. The Recommendation also incorporates rulings on Ms. Franklin's evidentiary objections. (*See, e.g.*, Doc. # 72, at 1 n.1.) Ms. Franklin filed an objection to the

Recommendation, contending that the Magistrate Judge incorrectly granted summary judgment, improperly ruled on procedural and evidentiary matters, and improperly denied her motion for sanctions. Mr. Dean did not file an objection to the Recommendation.

Only two of Ms. Franklin's claims, then, are not subject to objection. Those are the claims in Counts 5 and 9 that the Magistrate Judge recommends proceed to trial. Count 5 alleges a violation of 15 U.S.C. § 1692g(a), which requires debt collectors to send a written validation notice containing specified information to a consumer debtor within five days after the initial communication.[1] Count 9 alleges a violation of 15 U.S.C. § 1692e(10), which prohibits a debt collector from employing "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[2] Additionally, there is no challenge

---

[1] In Count 5, Ms. Franklin alleges that Mr. Dean failed to follow up his initial contact with Ms. Franklin with a debt validation letter. Mr. Dean urges summary judgment on this claim on the sole basis that the FDCPA's one-year statute of limitations bars the claim. *See* 15 U.S.C. § 1692k(d). The Magistrate Judge finds, however, that genuine issues of material fact exist "regarding the date of 'initial communication' and whether Mr. Dean's obligation to send [Ms. Franklin] the written notice ripened into a claim within the year preceding the filing date of this action." (Doc. # 72, at 9.)

[2] In Count 9, Ms. Franklin alleges that Mr. Dean's representation that he already had collected the garnished funds was false and misleading because the state court, not Mr. Dean, held the funds at that time. Accepting as true Ms. Franklin's evidence supporting this claim, the Magistrate Judge finds that "[a] reasonable factfinder might well conclude that the representation from a debt collector that he 'already [had] the funds' in his possession could affect the decision of the 'least sophisticated consumer' regarding whether to pursue a claim of exemption in court or otherwise to contest the garnishment." (Doc. # 72, at 23.)

to the Magistrate Judge's recommendation that Ms. Franklin's motion to dismiss Mr. Dean's counterclaim be granted.  After independent review of the record, the court finds that those unchallenged rulings are correct.

As to those challenged portions of the Recommendation, a Magistrate Judge's recommendation regarding non-dispositive matters is set aside only if it is clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72(a).  After careful consideration of the Magistrate Judge's non-dispositive rulings on procedural and evidentiary matters, the court finds that those rulings are neither clearly erroneous nor contrary to law.  Accordingly, Ms. Franklin's objections to the Magistrate Judge's non-dispositive rulings are OVERRULED.

With regard to the Magistrate Judge's recommendations as to the dispositive matters, this court must make a *de novo* determination of those portions of the Recommendation to which the objection applies.  28 U.S.C. § 636(b)(1).  Upon *de novo* review, and after careful consideration of the submissions and arguments of the parties, the court finds that Ms. Franklin's objection lacks merit.  Accordingly, it is ORDERED that Ms. Franklin's objection (Doc. # 73) is OVERRULED.  For the reasons stated by the Magistrate Judge in the Recommendation, it is further ORDERED as follows:

(1) Mr. Dean's motion for summary judgment (Doc. # 48) is DENIED as to Counts 5 and 9 and GRANTED as to all other claims in Ms. Franklin's Complaint;

(2) Ms. Franklin's motion to dismiss Mr. Dean's Counterclaim (included within Doc. # 29) is GRANTED; and

(3) Ms. Franklin's motion for sanctions against Mr. Dean pursuant to the Alabama Litigation Accountability Act and 28 U.S.C. § 1927 (also included within Doc. # 29) is DENIED.

DONE this 4th day of March, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE