IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUE CHEER FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-683-WKW |
| ) | [WO] |
| RICHARD C. DEAN, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the court are Defendant's Motion to Strike Jury Demand (Doc. # 63) and Plaintiff's Motion to Deny Defendant's Motion to Strike Plaintiff's Demand for Jury Trial (Doc. # 64). For the following reasons, Defendant's motion is due to be granted, and Plaintiff's motion is due to be denied.

Plaintiff filed her Complaint in this lawsuit on August 23, 2011, but did not make a jury demand at that time. Defendant filed and served an Answer to the Complaint and a Counterclaim on February 10, 2012. (Doc. # 25.) The Answer did not contain a jury demand. Plaintiff filed and served an Answer to the Counterclaim on February 27, 2012. (Doc. # 29.) This pleading also did not contain a jury demand. More than six months later, on September 11, 2012, Plaintiff filed and served a Jury Trial Demand. (Doc. # 63.)

The parties dispute whether Plaintiff's Jury Trial Demand is timely. The claims remaining for trial arise under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), to which the right to a jury trial attaches. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1176 n.7 (11th Cir. 1985). Federal Rule of Civil Procedure 38 governs the procedure for assessing the timeliness of a jury demand. Rule 38 requires a party, first, to serve the jury demand "no later than 14 days after the last pleading directed to the issue is served" and, second, to "fil[e] the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b)(1)–(2). Rule 38 further provides that a "party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d); *see also LaMarca v. Turner*, 995 F.2d 1526, 1545 (11th Cir. 1993) (explaining that a party waives the right to a jury trial "by failing to make a timely demand upon the courts"). Furthermore, Federal Rule of Civil Procedure 7(a) "defines what constitutes a pleading for purposes of Rule 38." *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995).

Defendant argues that the last pleading was his Answer to Plaintiff's Complaint, which he filed on February 10, 2012. Plaintiff contends that the last pleading was Defendant's summary judgment reply brief filed on September 4, 2012, and that, therefore, her September 11, 2012 jury demand is timely.

Plaintiff's contention is incorrect.  Neither a summary judgment motion nor a summary judgment reply brief is a pleading recognized by Rule 7(a).  Hence, September 4, 2012, is not a triggering date for purposes of filing a jury demand.  Rule 7(a) does provide, however, that an answer to a complaint and an answer to a counterclaim are permitted pleadings.  *See* Fed. R. Civ. P. 7(a)(2)–(3).  While the filing of a counterclaim that includes or results in a jury demand can complicate matters pertaining to which issues the demand applies, *see, e.g.*, *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1404 (11th Cir. 2009) (addressing whether a counterclaim with a jury demand "raised a new issue within the meaning of Rule 38 that would give rise to a renewed right to demand a jury"), the issue with respect to the timeliness of Plaintiff's jury demand does not require the court to delve into any such complexities.  Even if the court assumes that the last pleading directed to all issues was Defendant's Answer to the Counterclaim, filed on February 27, 2012, the jury demand filed on September 11, 2012, comes many months too late.  Pursuant to Rule 38, Plaintiff's jury demand is untimely, and, therefore, she has waived her right to a jury trial.[1]

---

[1] Even if Plaintiff's untimely demand were construed as a Rule 39(b) motion, the motion would be denied, as Plaintiff has given no explanation for her untimely demand made more than a year after the Complaint's filing.  *See Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (holding that the district court did not abuse its discretion in denying a Rule 39(b) motion where the movant presented no reason for the delay in requesting a jury trial).

Accordingly, it is ORDERED that Defendant's Motion to Strike Jury Demand (Doc. # 63) is GRANTED and that Plaintiff's Motion to Deny Defendant's Motion to Strike Plaintiff's Demand for Jury Trial (Doc. # 64) is DENIED.

DONE this 4th day of March, 2013.

            /s/ W. Keith Watkins
          CHIEF UNITED STATES DISTRICT JUDGE